## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN TIDMORE, #429998 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. RDB-16-2806 |
| | * | |
| GEORGIA DEPT. OF CORRECTIONS, | * | |
| CORRECTIONS CORPORATION OF | * | |
|   AMERICA, | * | |
| WHEELER CORRECTIONS FACILITY, | * | |
| WARDEN RALPH KEMP, Wheeler, | * | |
|   CCA, | * | |
| | * | |
| Defendants. | * | |

***

### MEMORANDUM  OPINION

Pending is Brian Tidmore's Complaint alleging Defendants' negligence and malpractice caused his "extended incarceration," lost earnings, and "strain and duress." (ECF 1).  As relief, he seeks compensation of an unstated sum.  Tidmore, who is presently incarcerated at the Eastern Correctional Institution in Maryland, also filed a Motion for Leave to Proceed in Forma Pauperis which will be granted for the purpose of preliminary screening of the Complaint.

### BACKGROUND

Tidmore states he was in custody of the Georgia Department of Corrections and incarcerated at the Wheeler CCA Correctional Facility from May 2010 to May 2014.  During this time, the State of Maryland issued a detainer against him based on charges filed in 2007.[1]  On

---

[1]  On March 26, 2007, Tidmore was charged in the Circuit Court for Wicomico County with narcotics possession. On August 4, 2014, Tidmore entered a plea of not guilty with an agreed statement of facts to narcotics possession- large amount. *See Maryland v. Tidmore*, Case 22K07000333 (Circuit Ct. for WicomicoCounty);http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=22K07000 333&loc=48&detailLoc=K.

July 1, 2010, his counsel, Ronald I. Kurland, entered a demand in the Circuit Court for Wicomico County for a speedy trial. *Id*.

Tidmore asserts that on September 14, 2010, he and Warden Kemp signed paperwork to extradite him to Maryland. Tidmore asserts that he was "supposed to be transported to Maryland to stand trial within 180 days starting 9/14/10," but was not sent to Maryland until he was granted parole in Georgia on May 6, 2014. *Id*. He complains nearly 3 years and 8 months passed between signing the paperwork and extradition to Maryland.

On August 4, 2014, the Honorable Newton Jackson in the Circuit Court for Wicomico County sentenced Tidmore to 20 years of imprisonment, 13 suspended and no parole for the first 5 years. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=&loc=48& detailLoc=K. Tidmore states Judge Jackson observed that Georgia officials had not forwarded the extradition form he had signed on September 14, 2010. Thus, Tidmore alleges that the charges against him in Maryland should have been dismissed. *Id*.

Tidmore appealed his judgment of conviction and it was affirmed on direct appeal by the Court of Special Appeals of Maryland. The Court of Appeals of Maryland denied his request for certiorari review. Tidmore's Petition for Post-Conviction Relief is under review in the Circuit Court for Wicomico County. *Id*.

## DISCUSSION

This Court is required under 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted. In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must, however, hold the pro se complaint to less stringent standards than

pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d

721, 722–723 (4th Cir. 1989).

The printed attachments filed with Plaintiff's handwritten Complaint suggest he is filing

this action pursuant to 42 U.S.C. § 1983.  Section 1983, however, is not a "source of substantive

rights." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000).  To the extent Tidmore intends

to raise malpractice and negligence claims, these causes of action arise under state, not federal,

law and the §1983 Complaint is dismissible for failure to state a claim upon which relief may be

granted.

Insofar as Tidmore may raise federal claims cognizable under 42 U.S.C. § 1983, they are

not yet cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*, the Supreme Court

ruled:

> We hold that, in order to recover damages for alleged unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been reversed on
> direct appeal, expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called into question by
> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983.... But if
> the district court determines that the plaintiff's action, even if successful,
> will not demonstrate the invalidity of any outstanding criminal judgment
> against the plaintiff, the action should be allowed to proceed in the
> absence of some other bar to the suit.

*Id.*

Tidmore's Maryland conviction has not been overturned, invalidated or called into

question on direct appeal by issuance of a writ of habeas corpus.  Any request for monetary

damages is premature.[2]

---

[2]  This case also poses questions including jurisdiction, venue, and the statute of limitations which will not
be considered at this time.

**CONCLUSION**

For reasons stated above, this Court will DISMISS the Complaint without

prejudice. A separate Order follows.


August 15, 2016                                    ____/s/_____
Date                                               RICHARD D. BENNETT
                                                   UNITED STATES DISTRICT JUDGE